IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **KEVAN PATRICK,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CASE NO.: 2024-cv-00334 |
| **TINDLE CONSTRUCTION, LLC** | ) ) ) |
| Defendant. | ) ) ) |
| _____ | ) |

## COMPLAINT

Plaintiff Kevan Patrick brings this action against Defendant Tindle Construction, LLC. ("Defendant"). Plaintiff seeks relief under the Fair Labor Standards Act of 1938 ("FLSA") 29 U.S.C. §§ 201, et seq. for the claims described herein.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §§ 201, et seq. and 28 U.S.C. § 1331.

2. Venue is this Court is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. The Plaintiff is an individual who was employed by Defendant from approximately October 13, 2022 – January 19, 2023. Plaintiff resides in Mobile County, Alabama. Plaintiff performed work for Defendant in, among other locations, Mobile, Baldwin and Clarke Counties in Alabama as well as in Mississippi

1

4. Defendant is a corporate entity registered to do business in Alabama. Defendant is subject to personal jurisdiction in the State of Alabama for purposes of this Lawsuit. Its registered agent for service of process in Alabama is Donald Tindle at 210 Saraland Blvd. South, Saraland, Alabama 36571.

5. At all material times to this action, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA. It performs construction services on an interstate basis and its employees, like Plaintiff, are engaged in interstate commerce and those employees handle and/or work on goods that moved in and/or were produced in commerce.

6. Defendant is an employer covered by the record-keeping, minimum wage, and overtime mandates of the FLSA.

7. The Plaintiff performed work for Defendant as a non-exempt, hourly, "employee" of Defendant as "employee" is defined by § 203(e)(1) of the FLSA in locations including those in Mobile, Baldwin and Clarke Counties, Alabama as well as in Mississippi.

## FACTS

8. Plaintiff was employed as a Construction Superintendent. He was paid on an hourly basis at variable base rates from $25.00 / hour – approximately $27.00 / hour. Defendant's workweeks for pay purposes were calculated from Friday – Thursday. Plaintiff was expected to perform more than 40 hours of compensable work a week for Defendant on a regular basis. Sometimes Defendant paid Plaintiff for some amounts of time in excess of 40 hours a week at a rate of $37.50 an hour.

9. Plaintiff was provided with a vehicle by the Defendant for work purposes. He was instructed by his supervisor, Project Manager Austin Bosarge, that if any other employee wanted

a ride to or from a work project then Plaintiff was to drive the other employee because it was the company's truck. Sometimes, Plaintiff would be instructed to pick up specific employees at the company's Mobile County location. Employee Trevor Lucas was an employee who frequently needed a ride to job sites and Mr. Lucas would come directly to Plaintiff's home to be driven to work. The truck Plaintiff was provided with was used by Plaintiff to transport company equipment and supplies to and from job sites such as air compressors and roto hammers. As needed, the truck was used to haul a trailer of additional work supplies such as ladders, scaffolding, cold saws, and table saws. The truck and trailer would, as needed, be loaded and unloaded at Defendant's Mobile, Alabama location at the beginning and end of a day's work.

10. The only times / dates the Plaintiff was free to travel to and from job sites at his own discretion were days that he was not expected to provide transportation to co-employees and that he was not expected to transport supplies to / from a job site.

11. While driving to and from job sites Plaintiff was regularly engaged in substantive discussions about job projects by telephone just as he was throughout the rest of the work day.

12. As a superintendent, Plaintiff was "on call" at all times to address any customer or company concerns. Sometimes, these concerns or issues could be addressed in a brief text exchange or phone call. Sometimes, the issues requiring Plaintiff's input required substantial time making phone calls, finding out responsive information, sending and receiving that information by email and text, etc.

13. Generally speaking, Plaintiff was paid from the time he first arrived at a job site (including the Defendant's Mobile County location) on a particular day until he last departed a job site (including Defendant's Mobile County location). But, sometimes, he was paid for time spent traveling to third party vendors. Sometimes, but not always, he was paid for time traveling to /

from the Defendant's Mobile County location. Generally, he was not paid for (a) time spent driving co-employees to / from job locations at the beginning and end of a work day, (b) or for time spent driving equipment or supplies to / from job locations at the beginning and end of his work day, or (c) for time spent driving to / from job locations at the beginning and end of his work day while he took and received substantive phone calls about work. Generally, Plaintiff was not compensated for time spent responding to phone calls, texts, or emails and related work-activities when he was not at a job site.

14.     Defendant has some time records, and records of the whereabouts of the company vehicle, but Defendant did not record or maintain records reflecting when Plaintiff began and concluded performing work that is compensable and due to be paid for under the FLSA (in weeks in which more than 40 hours are worked). Defendant, or its other managerial employees, may have extant records of phone calls, texts, and emails to / from Plaintiff during the period of his employment.

15.     Plaintiff should have been paid for all hours of compensable work in excess of 40 hours in a single week at a rate of 1.5 multiplied by a properly calculated regular hourly rate. He was not. The time Plaintiff should have been paid for at that overtime rate – but was not paid for – includes:

> (a) Time driving co-employees, equipment, or supplies to / from work sites;
>
> (b) Time driving to / from work sites while expected to simultaneously address work issues by phone calls; and
>
> (c) Time spent working while "on call" such as responding to texts, emails, and phone calls about company projects and related work about the substance of those communications.

4

16. Defendant's failure to pay Plaintiff overtime pay, to which he is entitled under the FLSA as alleged herein was willful, intentional, unreasonable, and not in good faith as those terms are construed in connection with the FLSA.

## COUNT I
(Violations of the FLSA)

17. All preceding allegations are incorporated as though fully set forth herein.

18. Plaintiff is an employee fully entitled to the FLSA's protections.

19. Defendant is an employer covered by the FLSA.

20. The FLSA entitles employees to pay at 1.5 times the employee's regular hourly rate for all hours worked in excess of 40 hours a week. 29 U.S.C. § 207(a).

21. By failing to pay overtime at 1.5 times the regular hourly rate for all hours worked in excess of 40 hours in a work week, Defendant violated the FLSA's overtime pay mandate.

22. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

23. Plaintiff is entitled to recover for unpaid and underpaid overtime compensation, liquidated damages, reasonable attorney's fees, and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

A. A declaratory judgment that Defendant's wage practices alleged herein violate the FLSA, 29 U.S.C. § 201 *eq seq*, and attendant regulations at 29 C.F.R. § 516 *et seq*.

B. An order directing Defendant, at its own expense, to investigate and account for the number of compensable hours actually worked by Plaintiff for each workweek, and the amount(s) paid for overtime for each workweek.

C. Judgment for damages under the FLSA for all unpaid and/or underpaid overtime compensation under the FLSA 29 U.S.C. § 201 *eq seq.* and attendant regulations at 29 C.F.R. § 516 *et seq.*

D. Judgment for liquidated damages pursuant to FLSA 29 U.S.C. § 201 *eq seq.* and attendant regulations at 29 C.F.R. § 516 *et seq.* in an amount equal to all compensation owed to Plaintiff under the FLSA for unpaid and/or underpaid compensation.

E. An order directing Defendant to pay Plaintiff's reasonable attorneys' fees and all costs connected with this action.

F. Such other and further relief as to this Court may deem necessary, just, and proper.

Respectfully Submitted.

DAVIS, DAVIS AND ASSOCIATES, P.C.
By: /s/ *Ian D. Rosenthal*
Ian D. Rosenthal – ROSEI6905
27180 Pollard Road
Daphne, AL 36526
Telephone: (251) 621-1555
Email: ian@ddalawfirm.com

**DEFENDANT WILL BE SERVED VIA CERTIFIED MAIL AS FOLLOWS:**

Donald Tindle
Tindle Construction, LLC
210 Saraland Blvd. South
Saraland, Alabama 36571